UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                          **MEMORANDUM OPINION AND ORDER**

Sherman Lee,                      Crim. No. 10-09 (02) (MJD)

    Defendant/Petitioner.

_____

    Andrew R. Winter, Assistant United States Attorney, Counsel for Respondent.

    Petitioner, *pro se*.

_____

## I. Introduction

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 471].

## II. Background

On July 19, 2010, Petitioner pleaded guilty to Count 1 of the Superseding Indictment which charged Conspiracy to Distribute in Excess of 50 Grams of Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 and Count 5 of the Superseding Indictment which charged Possession of a

1

Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that Petitioner was a Career Offender as set forth in the Sentencing Guidelines because he was at least 18 years old at the time he committed the instant offense, the crime of conviction was a controlled substances offense and because Petitioner had at least two prior felony convictions involving crimes of violence, namely a 1995 conviction for Second Degree Assault, and a 2007 conviction for Terroristic Threats. Because he was a Career Offender, § 4B1.1(a) and (b) provided that the base offense level was 34 and the criminal history category was VI.

The Court adopted the guideline calculations set forth in the PSR, which determined the applicable range of imprisonment for Count 1 to be 262 to 327 months. The sentence for Count 5 was a statutory mandatory sentence of seven years to be imposed consecutively to Count 1.

On January 4, 2011, Petitioner was sentenced to a term of imprisonment on Count 1 for 240 months and on Count 5 for 84 months, to be served consecutively for a total term of imprisonment of 324 months. His sentence was affirmed on

appeal.  United States v. Sherman Lee, 441 Fed. Appx. 401 (8th Cir. 2011).

On June 13, 2016, Petitioner filed this petition under § 2255 to vacate, set aside or correct his sentence.  Petitioner argues that pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), his prior conviction for terroristic threats no longer falls within the definition of "crime of violence" set forth in the Sentencing Guidelines.  He thus argues that he should not have been sentenced as a Career Offender under the Guidelines and asks that he be resentenced.

Petitioner further argues that his conviction for possession of a firearm under 18 U.S.C. § 924(c) is invalid because the underlying conviction for conspiracy to distribute and possess with intent to distribute methamphetamine does not qualify as a violent crime for purposes of § 924(c)(3)(B).

The government filed its opposition brief on March 17, 2017, asserting that Petitioner's first claim for relief is precluded in light of the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), and that his second claim for relief is without merit.  On June 20, 2017, Petitioner filed a request to voluntarily withdraw his petition in light of the Beckles decision.  The Court took Petitioner's request under advisement, and ordered Petitioner to file a reply brief on or before September 5, 2017.  Petitioner again requested the Court allow him

to voluntarily withdraw his petition, stating "enlight [sp] of the decision on Beckles I know I'm not eligible for relief. Therefore, I am requesting this Court; respectfully, to dismiss the 2255 motion to vacate." (Doc. No. 489.)

**III.     Motion for Voluntary Dismissal**

The Rules of Civil Procedure apply to habeas proceedings, and pursuant to Rule 41(a)(2), the instant petition may be dismissed at Petitioner's request only by court order as the government has already filed its opposition. In deciding whether to exercise its discretion to allow dismissal under Rule 41, the Court should consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014).

Based on the particular posture of this case and the claims asserted, the Court finds that Petitioner has not provided a proper explanation for his desire to dismiss both grounds asserted in the petition. While he concedes that the first ground for relief is precluded by the Supreme Court's decision in Beckles, he offers no explanation for his request as to the second ground for relief which is also based on Johnson.

4

Further, the Court notes that even if the dismissal was granted, such dismissal would not allow him to avoid the limitations on filing second or successive petitions. See Felder v. McVicar, 113 F.3d 696, 698 (8th Cir. 1997) (finding that a petitioner for habeas corpus relief "cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."); see also Gant v. United States, No. 11-288, 2017 WL 3754832 *2 (W.D Mo. Aug. 30, 2017) (refusing to "acquiesce in this sort of gamesmanship" and denying request to voluntarily dismiss petition following Beckles). As noted above, Petitioner concedes Beckles precludes his first claim for relief, therefore dismissal of the petition will not allow him to avoid the limitations on filing second or successive petitions.

Accordingly, the Court will deny the requests to voluntarily dismiss the petition.

**IV.  Habeas Petition**

    **A.  Standard for Relief under 28 U.S.C. § 2255**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not

entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

B. **Analysis**

In Johnson, the Supreme Court held that the residual clause in the statutory definition of violent felony as set forth in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924 (e)(2)(B) was void for vagueness. 135 S. Ct. at 2557. Johnson has no application here, however, as Petitioner was not sentenced pursuant to the ACCA. Furthermore, in Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to void for vagueness challenges. 137 S. Ct. at 892. Accordingly, Petitioner has not demonstrated that his designation as a Career Offender under the Sentencing Guidelines was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence" entitling him to relief under § 2255.

Petitioner further claims that his conviction under § 924(c) requires that the underlying crime be a crime of violence. Title 18 U.S.C. § 924(c)(1)(a) provides "any person who, during and in relation to any crime of violence **or drug**

7

**trafficking crime** . . . uses or carries a firearm, or who, in furtherance of any such crime, possess a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years." (Emphasis added).

In this case, Petitioner pleaded guilty to Counts 1 and 5 of the Superseding Indictment. As set forth above, Count 1 alleged conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 846 and Count 5 alleged that "during and in relation to a drug trafficking crime . . . namely, Count 1 of this Indictment." Because his conviction as to Count 5 did not require the underlying crime to be a crime of violence, and because he did plead guilty to a drug trafficking crime as defined in § 924(c), Petitioner's claim that his conviction under § 924(c)(1) is invalid is completely without merit.

## V.     Certificate of Appealability

With regard to the Court's procedural rulings in the Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.

IT IS HEREBY ORDERED that Petitioner's Motion for Relief under 28 U.S.C. § 2255 [Doc. No. 471] is **DENIED**.  Petitioner's Requests for Voluntary Dismissal (Doc. Nos. 487 and 489) are **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   September 19, 2017

s/ Michael J. Davis
Michael J. Davis
United States District Court