UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

                          **MEMORANDUM OPINION
                                 AND ORDER**
                        Crim. No. 10-09 (02)(MJD)

Sherman Lee,

      Defendant.

_____

      Michael L. Cheever, Assistant United States Attorney, Counsel for
Plaintiff.

      Defendant, *pro se.*

_____

      This matter is before the Court on Defendant's pro se motion for a

modification of his sentence (Doc. No. 517) and his pro se motion to recall the

Court's Order denying him relief pursuant to 28 U.S.C. § 2255 (Doc. No. 518).

**I.     Motion for Sentence Reduction**

      By this motion, Defendant seeks a sentence reduction pursuant to 18

U.S.C. § 3582.  He argues that he is entitled to a sentence reduction on the basis

that he no longer qualifies as a Career Offender pursuant to the decision in

United States v. Davis, 139 S. Ct. 2319 (2019).  If he no longer qualifies as a Career

Offender, Defendant argues he is entitled to the benefits of Amendment 782 of

the Sentencing Guidelines which lowered the base offense levels for most drug

offenses by two points.  He further asserts that his conviction on Count 5 must be

set aside pursuant to the <u>Davis</u> decision.  For the reasons that follow, Defendant

is not entitled to the relief sought.

**A.    Validity of § 924(c)91(A)(ii) Conviction**

On July 19, 20110, Defendant pleaded guilty to Count 1 of the Superseding

Indictment which charged Conspiracy to Distribute in Excess of 50 Grams of

Actual Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and

846, and Count 5 which charged Possession of a Firearm During a Drug

Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

Section 924(c)(1)(A)(ii) provides "any person who, during and in relation to

any crime of violence **or** drug trafficking crime . . . uses or carries a firearm, or

who, in furtherance of any such crime, possess a firearm, shall, in addition to the

punishment provided for such crime of violence or drug trafficking crime – if the

firearm is brandished, be sentenced to a term of imprisonment of not less than 7

years."  (emphasis added).  "Crime of violence" is defined as a felony offense that

A) has as an element the use, attempted use, or threatened use of physical force

against the person or property of another; or B) that by its nature, involves a

substantial risk that physical force against the person or property of another may

be used in the course of committing the offense."  Section 924(c)(3).  The second

clause of this statutory definition is referred to as the residual clause.

In Davis, the Supreme Court held that the residual clause in the statutory

definition of "crime of violence" was unconstitutionally vague.  Id. 139 S. Ct. at

2336.  The Davis decision, however, does not apply to convictions in which the

predicate offense is a drug trafficking crime.  See In re Cannon, 931 F.3d 1236,

1243 (11th Cir. 2019) (finding where predicate offense is a drug trafficking crime,

which does not raise residual clause issues, conviction under § 924(c) remains

valid).

In this case, Defendant's conviction under Section 924(c)(1)(A) is based on

a drug trafficking crime, not a crime of violence.  Accordingly, the Supreme

Court's ruling in Davis has no application in this case and Defendant has failed

to demonstrate his conviction on Count 5 of the Superseding Indictment is

invalid.

### B.  Career Offender Designation

Defendant further argues that based on <u>Davis</u>, he no longer qualifies as a

Career Offender under the Sentencing Guidelines because his prior conviction

for Terroristic Threats can no longer be considered a predicate offense.  This

argument has no merit, however, as the Supreme Court has held that the

Sentencing Guidelines are not subject to a vagueness challenge under the Due

Process Clause.  <u>Beckles v. United States</u>, 137 S. Ct. 886, 892 (2017).  Accordingly,

the <u>Davis</u> decision has no bearing on the validity of his Career Offender

designation.

Nor can Defendant rely on Amendment 798 to the Sentencing Guidelines

which, in 2016, modified the definition of "crime of violence" set forth in Section

4B1.2.  Whether an amendment to the Guidelines may be applied retroactively is

governed by Section 1B1.10 (a)(1) which provides:

> In a case in which a defendant is serving a term of imprisonment, and the
> guideline range applicable to that defendant has subsequently been
> lowered as a result of an amendment to the Guidelines Manual listed in
> subsection (d) below, the court may reduce the defendant's term of
> imprisonment as provided by 18 U.S.C. § 3582(c)(2).

Amendment 798 is not included in the list of covered amendments set forth in §

1B1.10(d).  Accordingly, Defendant is not entitled to any relief under

Amendment 798.  See United States v. Strevig, 663 Fed. Appx. 908, 912 (11th Cir.

2016) ("The Sentencing Commission, however, has not made Amendment 798

retroactive to individuals sentenced prior to the effective date of the

amendment.")

Finally, Defendant cannot show that he is entitled to a sentence reduction

pursuant to Amendment 782, which lowered the base offense level for most drug

offenses by two levels.  Because Defendant remains a Career Offender under the

Guidelines, his total offense level is driven by the Career Offender Guidelines.

Pursuant to § 4B1.1(b)(1), the base offense level is 37, because the statutory

maximum sentence for both Counts 1 and 5 is life imprisonment.  As a result,

after a three-level reduction for acceptance of responsibility, his total offense

level remains at 34.

## II.    Motion to Recall Section 2255 Order

By this motion, Defendant seeks to recall the Court's previous denial of his

§ 2255 petition pursuant to the Supreme Court decisions in Sessions v. Dimaya,

138 S.Ct. 1204 (2018) and United States v. Davis, 139 S.Ct. 2319 (2019).

Because Defendant has already moved for relief under § 2255, which was

denied by Order dated September 17, 2017, the Court will construe this motion

as a second § 2255 motion.   Prior to filing a successive petition for relief, a

petitioner must first move in the appropriate court of appeals for an order

authorizing the district court to consider the application.  28 U.S.C. § 2255 (h).

Defendant did not move in the appropriate court of appeals for an order

authorizing the district court to consider his motion as required under § 2255(h).

As a result, dismissal of the motion is appropriate.  See Boyd v. United States,

304 F.3d 813, 814 (8th Cir. 2002).

IT IS HEREBY ORDERED:

1.  Defendant's pro se Motion for a Modification of his Sentence (Doc. No.

    517) is DENIED; and

2.  Defendant's pro se Motion to Recall the Court's Order Denying Him

    Relief Pursuant to 28 U.S.C. § 2255 (Doc. No. 518) is DENIED.

Date:   April 30, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court