UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

SHERMAN LEE,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal File No. 10-09 (MJD)

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Sherman Lee, Defendant, pro se.

This matter is before the Court on Defendant's Motion for a Sentence Reduction, seeking a sentence reduction based on the retroactive application of Amendment 821 and compassionate release. (Doc. 583.)

## I. Background

On July 19, 2010, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and brandishing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

1

The Presentence Investigation Report ("PSR") recommended an advisory guideline range of 262 to 327 months' imprisonment on the conspiracy charge, based on a total offense level of 34 and a criminal history category of VI. The report recommended the mandatory minimum sentence of 84 months' imprisonment on the firearm charge to be imposed consecutively. See 18 U.S.C. § 924(c)(1)(A)(ii). Defendant's advisory sentencing range was 346 to 411 months' imprisonment.

This Court sentenced Defendant to a total of 324 months' imprisonment—240 months for the conspiracy charge and 84 months on the firearm charge. As part of the sentence, the Court also concluded that Defendant qualified as a Career Offender. The United States Court of Appeals for the Eighth Circuit affirmed this sentence on November 25, 2011. United States v. Lee, 441 F. App'x 401, 404 (8th Cir. 2011).

Following his appeal, Defendant made several other motions challenging the validity of his sentence, including motions based on changes on what could be considered as a predicate offense for Career Offender designation. (See Docs. 471, 517, 518.) The Court denied each of these motions and reaffirmed Defendant's Career Offender designation. (Docs. 490, 522.)

Defendant is currently serving his sentence at FCI Allenwood and set to be released in September 2033.  See Bureau of Prisons (BOP), Find an inmate, https://www.bop.gov/inmateloc/ (last accessed Nov. 26, 2024).

## II.    GUIDELINE AMENDMENT 821

Defendant seeks a sentence reduction based on the retroactive application of Amendment 821 under 18 U.S.C. § 3582(B)(2).  (Doc. 583 at 5.)

In Amendment 821, the Commission amended two sections of the Guidelines and specified that these amendments should be applied retroactively. U.S.S.G. § 1B1.10(a)(2), (d).  One of the changes "limits the impact of § 4A1.1 'status points,' which are criminal-history points added when the defendant committed his offense while under another criminal sentence."  United States v. Williams, No. 15-CR-0185 (PJS/BRT), 2023 WL 8868799, at *2 (D. Minn. Dec. 22, 2023) (citing U.S.S.G. § 1B1.10 cmt. 7).  Eligibility for a sentence reduction in this instance "is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual.")  U.S.S.G. § 1B1.10 cmt. 1.

3

Before Amendment 821, the Court determined that a criminal history category of VI applied to Defendant's sentence based on his Criminal History Score of 13 points. Following Amendment 821, Defendant's criminal history score was effectively reduced to 12 points but, because Defendant is a Career Offender, his criminal history category remains at a VI.

Thus, the amendment did not lower Defendant's applicable guideline range and he is therefore not entitled to a sentence reduction. Accordingly, Defendant's Motion to Reduce Sentence based on the retroactive application of Amendment 821 is denied.

### III.   COMPASSIONATE RELEASE

#### A.   Exhaustion Requirement

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following (1) exhaustion of administrative remedies or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The administrative exhaustion requirement is a mandatory claim-processing rule. United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021). Failure to exhaust administrative remedies prior to filing a motion requires a district court to dismiss the motion without prejudice. Id.

Here, because it is undisputed that Defendant exhausted his administrative rights the Court may address the underlying merits of the case. (See Doc. 583-1.)

### B. Extraordinary and Compelling Reasons

Defendant argues that "extraordinary and compelling reasons" exist because: (1) changes in the law made it so he is serving an unusually long sentence; and (2) circumstances exist that in combination equate to "extraordinary and compelling reasons." (Doc. 583 at 5-22.) The Government opposes these arguments. (Doc. 596 at 7-11.)

#### 1. Unusually Long Sentence

In November 2023, the Sentencing Commission adopted the following guidelines:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). The Government contends this change "exceed[ed] the bounds of [the Sentencing Commission's] delegated authority and is therefore invalid" because it improperly circumvented Congress by authorizing compassionate release for nonretroactive changes in the law. (Doc. 596 at 7.)

The Court does not need to address the Government's argument. Both Parties believe that Defendant no longer qualifies as a Career Offender because his Terroristic Threats conviction can no longer be considered a predicate offense. The Government relies on United States v. McFee, 842 F.3d 572 (8th Cir. 2016), which held that a terroristic threats conviction under Minnesota law is not a "violent felony" under the Armed Career Criminal Act ("ACCA").

McFee is inapplicable here. In 2017 and 2020, this Court addressed similar challenges in this case. (Doc. 490 at 7; Doc. 522 at 4.) The Court rejected this argument and held that, unlike the ACCA, the Sentencing Guidelines are not

6

subject to a vagueness challenge under the Due Process Clause.  (Doc. 490 at 7; Doc. 522 at 4. (citing Beckles v. United States, 137 S. Ct. 886, 892 (2017) (noting the difference between ACCA's residual clause and express language noted in the Sentencing Guidelines).)  This Court reaffirmed its decision that Defendant is a Career Offender. (Id.)

Thus, neither Party can establish an intervening change in law that warrants reconsideration of Defendant's Career Offender designation.  Nor does either Party point to any other changes in the law that applies here.  Accordingly, the Court need not address whether the Sentencing Commission exceeded the bounds of its delegated authority.

### 2. Other Circumstances

Extraordinary and compelling reasons for compassionate release may exist if a defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or . . . are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. 1B1.13(b)(5)

Defendant also argues that the combination of his age at the time he committed his offenses, serving time during the COVID-19 Pandemic, and rehabilitation equate to "extraordinary and compelling reasons" to justify compassionate release.  (Doc. 583 at 11-22.)

The combination of these circumstances does not amount to an extraordinary and compelling reason that justifies compassionate release. While the Court acknowledges that Defendant was young at the time of some of his prior offenses, Defendant was 31 at the time he was arrested in this case. See U.S.S.G. 5H1.1 (noting that a downward departure may be warranted when "[c]ertain risk factors may affect a youthful individual's development into the mid-20's"). Additionally, serving time during the COVID-19 Pandemic is not an extraordinary and compelling reason for compassionate release.

The Court also finds Defendant's arguments about rehabilitation to be unpersuasive because he has committed serious disciplinary violations in prison over the last few years, including fighting, possessing illegal drugs, and possessing weapons. (See Doc 597.) Even if it were true, Defendant's alleged rehabilitation is also not a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); United States v. Logan, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are supposed to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves.... [T]here is nothing 'extraordinary and compelling' about a prisoner

8

who simply does the things that prisoners are supposed to do."). As such, Defendant fails to establish extraordinary and compelling reasons to justify compassionate release.

### C. 3553(a) Factors

The Court also finds a sentence reduction would be contrary to the factors set forth in 18 U.S.C. § 3553(a). A 324-month sentence in this case recognizes the nature and circumstances of the charged conspiracy, which involved a large amount of controlled substances, and the use of a firearm in furtherance of the conspiracy. This sentence also accounts for Defendant's extensive criminal history, which includes several convictions involving use of a firearm. A sentence of 324 months provides adequate deterrence, protection of the public, and recognizes the Defendant's history and characteristics.

Accordingly, Defendant's Motion for a Sentence Reduction seeking compassionate release is denied.

## IV. ORDER

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Sherman Lee's Motion for Sentence Reduction **[Doc. 583]** is **DENIED**.

Date:  January 28, 2025

s/Michael J. Davis
Michael J. Davis
United States District Court
